UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL THOMAS POMEROY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22-cv-00957-MTS |
| STAN PAYNE, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of a petition for writ of habeas corpus filed by petitioner Daniel Thomas Pomeroy, which has been construed as arising under 28 U.S.C. § 2254. Doc. [1]. Having reviewed the petition, and for the reasons discussed below, the Court will direct petitioner to show cause as to why this action should not be dismissed for failure to exhaust his state remedies.

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On April 2, 2014, he was charged by information with one count of forgery. *State of Missouri v. Pomeroy*, No. 13BT-CR01714-01 (36th Jud. Cir., Butler County).[1] That same day, petitioner was charged with a second count of forgery in a separate case. *State of Missouri v. Pomeroy*, No. 13BT-CR01759-01 (36th Jud. Cir., Butler County). On April 8, 2014, he pled guilty in both cases, was given a seven-year

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

suspended execution of sentence, and was placed on five years unsupervised probation. The circuit court directed that the sentences in both cases be run concurrently.

On March 27, 2017, the State of Missouri filed a motion to revoke petitioner's probation in *State of Missouri v. Pomeroy*, No. 13BT-CR01714-01 (36th Jud. Cir., Butler County). His probation was revoked and set aside on May 16, 2017, and he was ordered into a long term treatment program. Petitioner's probation was likewise revoked in *State of Missouri v. Pomeroy*, No. 13BT-CR01759-01 (36th Jud. Cir., Butler County), where he received the same sentence. On November 6, 2017, petitioner completed long term treatment, and was placed on supervised probation in both cases.

The State of Missouri filed another motion to revoke probation in both cases on July 16, 2020. The motions were later withdrawn, and petitioner allowed to remain on probation.

On August 27, 2021, the State of Missouri again filed motions to revoke probation in both petitioner's cases. The motions were heard on July 19, 2022. On July 29, 2022, the circuit court issued an order sustaining the motions to revoke petitioner's probation. On August 2, 2022, petitioner's probation was revoked and set aside in both cases. He was then sentenced to seven years' imprisonment in the Missouri Department of Corrections in each case, the sentences to run concurrently.

There is no indication that petitioner challenged his revocation and sentence by filing a petition for writ of habeas corpus in state court.

Petitioner filed the instant action on August 31, 2022, by placing it in his prison's mailing system.[2] Doc. [1 at 9].

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

### The Petition

The petition is on a Court-provided 28 U.S.C. § 2241 form. In the petition, petitioner asserts that he is a convicted state prisoner serving a sentence, and that he is challenging two criminal cases: *State of Missouri v. Pomeroy*, No. 13BT-CR01714-01 (36th Jud. Cir., Butler County), and *State of Missouri v. Pomeroy*, No. 13BT-CR01759-01 (36th Jud. Cir., Butler County). Doc. [1 at 1]. Specifically, petitioner states that he is challenging the August 2, 2022 revocation of his probation. Doc. [1 at 3].

Petitioner presents two separate grounds for relief. Doc. [1 at 7]. First, he alleges that his right to due process was violated when he "was not allowed to present a defense during [his] revocation hearing." More particularly, petitioner asserts that after his probation officer recommended a continuance, "the judge berated her and ended the hearing without allowing [him his] rights to call witnesses or speak on [his] behalf." Second, petitioner reasserts a due process violation when he "was revoked without being able to speak on [his] own behalf," and denied "a chance to present a case at all."

Based on these purported constitutional violations, petitioner seeks release from confinement and the reinstation of his probation.

The Court notes that in the petition, petitioner acknowledges that he has not sought any administrative remedies. Doc. [1 at 3]. Petitioner explains that his public defender allegedly told him he "could not appeal the decision with a Form 40 because the time had expired to appeal."

### Construction of Petition as Arising Under 28 U.S.C. § 2254

The instant petition is on a Court-provided 28 U.S.C. § 2241 form. Pursuant to 28 U.S.C. § 2241(c)(3), a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or

she is in custody pursuant to the judgment of a state court.[3] Based on the language of § 2241, courts have determined that state court defendants may use this section when attempting to litigate their pretrial detention. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). *See also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (explaining "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (explaining that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

In this case, however, petitioner is not litigating his pretrial detention. Rather, as he notes in the petition – and as corroborated by the Court's review of his record – he is a convicted state prisoner, now serving a previously-suspended sentence following the revocation of his probation. As such, petitioner "can only obtain habeas relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle"). Because 28 U.S.C. § 2254 is the proper method for petitioner to challenge his probation revocations, the Court will construe the instant action as arising under § 2254, rather than 28 U.S.C. § 2241.

---

[3] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

**Discussion**

Petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus that has been construed as arising under 28 U.S.C. § 2254. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner." Here, it appears that petitioner has failed to exhaust his administrative remedies. Therefore, petitioner will be ordered to show cause as to why his petition should not be dismissed.

A. **Exhaustion**

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); and *Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy

the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

With regard to a probation revocation in Missouri state court, such a revocation "is not directly appealable." *See State ex rel. Snider v. Flynn*, 926 S.W.2d 891, 894-95 (Mo. App. 1996). Nevertheless, a probation revocation "may be reviewed by filing a writ of habeas corpus." *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. App. 1998). *See also Teter v. State*, 893 S.W.2d 405, 406 (Mo. App. 1995) (explaining that the "proper remedy" to challenge "the legality of a probation revocation is…habeas corpus"). In order to exhaust, petitioner must therefore file a petition for writ of habeas corpus pursuant to Mo. Sup. Ct. R. 91 in circuit court, and if that is denied, file "a petition for habeas corpus in a Missouri appellate court." *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); and *Upchurch v. Redington*, 2018 WL 6046411, at *2 (E.D. Mo. 2018).

In this case, petitioner is challenging the revocation of his probation in two separate cases. However, he has admitted that he has not made any attempt to exhaust his administrative remedies. Furthermore, the Court's own review of petitioner's record indicates that he has not filed a writ of habeas corpus pursuant to Mo. Sup. Ct. R. 91 in either the circuit court or a Missouri appellate court.

6

The Court notes that petitioner has indicated that his attorney told him he "could not appeal the decision with a Form 40 because the time had expired to appeal." This is a reference to a motion to vacate, set aside, or correct sentence under Mo. Sup. Ct. R. 29.15, which must be filed within 180 days if no appeal is taken, and within 90 days of the issuance of the appellate court's mandate if an appeal is taken from the judgment. *See* Mo. Sup. Ct. R. 29.15(b). However, as discussed above, a Rule 29.15 motion is not the proper way to seek review of a revocation hearing. Rather, such review must be sought by filing a petition for writ of habeas corpus pursuant to Mo. Sup. Ct. R. 91. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003). Therefore, it appears that petitioner has failed to exhaust his remedies before filing the instant action.

### B. Order to Show Cause

As discussed above, petitioner has filed a petition for writ of habeas corpus that has been construed as arising under 28 U.S.C. § 2254. The Court has undertaken a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, it appears that petitioner has failed to exhaust his state remedies, making the case subject to dismissal. Before dismissing, however, the Court will give petitioner thirty days in which to show cause as to why his case should not be dismissed for failure to exhaust. If petitioner does not comply within thirty days, this action will be dismissed without prejudice and without further notice.

### C. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant 28 U.S.C. § 2254 petition for writ of habeas corpus for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response within **thirty (30) days** of the date of this order will result in the denial of the instant habeas corpus petition and the dismissal of this action without prejudice and without further notice.

Dated this 15th Day of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE